# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUST CARLO RODRIQUEZ-CASTILLO, | : | |
|       Petitioner, | : | 1:19-cv-1000 |
| | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| WARDEN CRAIG A. LOWE, | : | |
|       Respondent. | : | |

## MEMORANDUM

### February 19, 2020

Petitioner August Carlo Rodriguez-Castillo ("Rodriguez-Castillo"), a detainee of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), seeking an immediate individualized bond hearing to review his prolonged detention pending removal from the United States.

The petition is ripe for disposition. For the reasons set forth below, the petition will be granted to the extent that the Court will direct that Rodriguez-Castillo be provided a bond hearing.

## I.    BACKGROUND

On June 24, 2002, Rodriguez-Castillo, a native and citizen of the Philippines, entered the United States at Los Angeles, California as a Non-

Immigrant Visitor for pleasure, B2. (Doc. 5-1, p. 9). His status was adjusted on February 21, 2013 to that of a Lawful permanent resident, "class IR6", under section 245 of the Immigration and Nationality Act ("INA"), as amended. (*Id.*).

On September 14, 2016, Rodriguez-Castillo was convicted in the United States District Court for the Southern District of New York of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and sentenced to 33-months imprisonment. (*Id.*). On April 30, 2018, ICE's Enforcement and Removal Operations encountered Rodriguez-Castillo at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, while he was serving his federal sentence. (*Id.* at 4). On July 13, 2018, the Federal Bureau of Prisons released him into ICE custody. https://www.bop.gov/inmateloc/.

On July 27, 2018, ICE issued Rodriguez-Castillo a Notice to Appear charging him as removable from the United States pursuant to Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the INA in that at any time after admission he was convicted of an aggravated felony relating to illicit trafficking in a controlled substance, a law relating to an attempt or conspiracy to commit an aggravated felony, and any law relating to a controlled substance. (*Id.* at 9). On November 21, 2018, the immigration judge ("IJ") denied Rodriguez-Castillo's applications for asylum, withholding of removal, and all relief under CAT and

ordered him removed to the Philippines. (*Id.* at 10). He timely appealed the decision to the Board of Immigration Appeals ("BIA"), and on May 7, 2019, the BIA dismissed that appeal. (*Id.* at 13, 14).

On May 30, 2019, he filed a Petition for Review and a Motion to Stay Removal with the United States Court of Appeals for the Third Circuit. *See Rodriguez v. Att'y Gen.*, No. 19-2242 (3d Cir. 2019). The Third Circuit immediately issued a temporary stay of removal pursuant to its standing practice order. *Id.* at Document 003113251948. On August 23, 2019, the Third Circuit granted the stay of removal and appointed counsel for Rodriguez-Castillo. *Id.* at Document 003113328203. On January 15, 2020, the appellate court issued a briefing and scheduling order which provides that Rodriguez-Castillo's brief is to be filed by February 24, 2020, that Respondent's brief shall be filed thirty days thereafter, and that Rodriguez-Castillo shall have an additional twenty-one days from the filing of Respondent's brief to file a reply brief. *Id.* at Document 39-3, p. 1.

Rodriguez-Castillo filed the instant petition on June 12, 2019. (Doc. 1). At present, he has been detained for approximately nineteen months.

## II. **DISCUSSION**

Rodriguez-Castillo is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on

criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the United States Supreme Court case of *Jennings v. Rodriguez*, — U.S. –  –, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the United States Court of Appeals for the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842. *Jennings* held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit

restraint on the length of detention can be read into the statute. *Jennings*, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." *Jennings*, 138 S.Ct. at 846. Consequently, he is not entitled to a bond hearing pending the completion of removal proceedings.

However, "*Jennings* did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any

determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015); *see also Diop*, 656 F.3d at 232, 234.  "[D]ue process requires us to recognize that, at a certain point—which may differ case by case—the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous. At this tipping point, the Government can no longer defend the detention against claims that it is arbitrary or capricious by presuming flight and dangerousness: more is needed to justify the detention as necessary to achieve the goals of the statute. As we said in *Diop*, section 1226(c) 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' *Id.* at 231." *Chavez-Alvarez*, 783 F.3d at 474-75.  The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

Based on this constitutional framework, following *Jennings*, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, in the absence of bad faith, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., Chikerema v. Lowe,* No. 1:18-cv-1031, 2019 WL 3891086, (M.D.Pa. Aug. 19, 2019 (concluding detention for more than twenty months warranted an individualized bond hearing absent bad faith*, inter alia*): *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (determining detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one

months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, 2018 WL 3742631, at *4.

The Court has undertaken the fact sensitive inquiry delineated in *Diop* and *Chavez-Alvarez*. According to the record, Rodriguez-Castillo has not engaged in bad faith in the underlying immigration proceedings. Instead, he has timely and systematically challenged his removal. He has been detained for nineteen months thus far, and, based on the briefing schedule set in the Third Circuit, will remain so detained for, at a minimum, an additional sixty days. We are therefore constrained to conclude that his detention has become unreasonably prolonged such that due process requires that he be afforded an individualized bond hearing before an immigration judge. The bond hearing shall be conducted pursuant to the

procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the Government in § 1226(c) cases).

## III. CONCLUSION

For the above stated reasons, the Court will grant the petition pursuant to 28 U.S.C. § 2241 and direct that Rodriguez-Castillo receive an individualized bond hearing before an immigration judge.

An appropriate Order will enter.